UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLAIRE FALLESON,
on behalf of herself and all other employees
similarly situated,

                           Plaintiff,

                                                                      DECISION AND ORDER

                                                                       03-CV-6277L

                        v.

PAUL T. FREUND CORPORATION,

                           Defendant.
_____

      In or about March 2010, the parties settled this matter. Pursuant to the Settlement Agreement, the parties agreed that plaintiff's attorney fees would be limited to "no less than $5,000 to Falleson for attorney's fees, and no more than $40,000 to Falleson for attorney's fees." (Settlement Agreement at Section 2(d)). The Settlement Agreement further provided that the issue of plaintiff's attorney fees would be submitted to the Court if the parties could not resolve it.

      To that end, on May 5, 2010, plaintiff moved for an order awarding attorneys fees in the amount of $75,000, which is $35,000 *higher* than the fee award cap set forth in the Settlement Agreement. (Dkt. #86). Defendant opposes the motion, requesting instead that plaintiff's counsel receive the minimum award contemplated by the Settlement Agreement, $5,000.

Attorney's fees in an FLSA settlement are subject to court approval. *See* 29 U.S.C. §216(b); *Cisek v. National Surface Cleaning, Inc.*, 954 F. Supp. 110 (S.D.N.Y. 1997) (reviewing reasonableness of attorney fees specified in settlement agreement). In the Second Circuit, "[t]he lodestar approach governs the initial estimate of reasonable fees." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir.1992). Under this approach, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Grant*, 973 F.2d 96 at 99. The Court has broad discretion to whether the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both. *Hensley*, 461 U.S. at 433; *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007).

In assessing whether the fee charged is reasonable, courts consider factors including the time and labor required in prosecuting the action, the novelty and difficulty of the issues presented, the level of skill required, business opportunities lost by the attorney's attention to the case, the attorney's customary hourly rate, whether the fee is fixed or contingent, the time limitations imposed, the amount involved in the case and the results obtained, the competence and reputation of counsel, the undesirability of the case, the nature and extent of counsel's professional relationship with the client, and the awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). Similar factors are examined in considering the reasonableness of market rate sought to be charged, including the complexity and difficulty of the case, the available expertise and capacity of counsel, the resources required to effectively prosecute the matter, the timing demands of the case, the attorney's interest in achieving the ends of the litigation, whether

the attorney was acting *pro bono*, and other benefits expected by the attorney as a result of the representation. *See Arbor Hill*, 522 F.3d 182 to 190.

Initially, although FLSA cases such as this one are complex by nature, and present intricately mixed questions of fact and law, this matter was not especially novel, and the issues presented were relatively straightforward. The Court further observes that the efforts expended were grossly out of proportion to the ultimate settlement of the matter for $10,000.[1] The disconnect between the efforts made and result obtained are particularly well-illustrated by the fact that early in the litigation, defendant made an Offer of Judgment to settle the matter for $10,000. By the time the case was settled some *five years* later for that same amount, plaintiff's counsel had generated fees five times greater than they were at the time the Offer of Judgment was made.

Plaintiff's counsel and his law firm are experienced in prosecuting FLSA cases before this Court, and although significant time was expended on this matter, I do find that the amount of time spent by counsel – well over 300 billable hours on an FLSA matter for which collective action status was never sought or achieved, and which includes large amounts of time devoted to telephone conferences, updating the file and preparing routine correspondence – is excessive under all of the circumstances.

---

[1] In their initial submissions, the parties strained to keep the essential settlement terms confidential, even from the Court. However, because the relationship between the quality of the result obtained and the efforts expended by plaintiff's counsel is a key factor in determining the reasonableness of the requested fees, the Court ordered plaintiff's counsel to provide the Court with a copy of the Settlement Agreement (Dkt. #97). Although the Court is aware of the parties' continued desire to maintain the confidentiality of the settlement, the Court cannot meaningfully examine the reasonableness of the requested fee, or make the necessary factual findings, without discussing and therefore disclosing some of the essential settlement terms.

I further note that the customary hourly rates requested by plaintiff's counsel, including $375 per hour for the work of a senior associate who became a partner late in the pendency of the matter,[2] is significantly higher than the rates customarily charged by both associates and partners of similar experience in the Rochester, New York area. Plaintiff's counsel points to no local rates approaching theirs, and in fact, the rates counsel proposes are nearly one-and-a-half times the rates charged by plaintiff's counsel, and approved by the Court, in a 2005 case cited by plaintiff's counsel for purposes of comparison. (Dkt. #95 at ¶4).

For these reasons, I conclude that a reasonable average rate for the work of the attorneys and paralegals who worked on this matter is $215 per hour – incidentally, the flat rate charged for work performed solely by senior associates in the 2005 case proposed by plaintiff's counsel for comparison.[3] I further find that the number of hours expended was excessive, particularly in light of the fact that this matter never reached the point of collective action certification and because the results achieved are dramatically disproportionate to the fees requested, and should be reduced by

---

[2] Michael Lingle, the senior associate who performed the greatest amount of work on the matter, became a partner late in the case. In the submitted billing records, however, plaintiff's counsel has attempted to bill all of Mr. Lingle's work – including that which was performed when he was an associate – at the higher "partner" rate, rather than the rate designated for senior associates.

[3] The Court has set $215 as an "average" rate, which it has chosen for the sake of simplicity to apply to all of the attorneys and paralegals who performed work on this matter. It should be noted, however, that the $215 figure reflects an increase in the overall compensation rates from the 2005 case which used $215 per hour as the senior associate rate. This is because in the instant case, senior associates performed more than 50% of the work, partners performed less than 5%, and the remainder was performed by junior associates and paralegals whose billing rates are significantly less – in some cases by as much as 50% – than that of senior associates. Thus, had the Court separately applied the 2005 rates to each attorney and paralegal designation, the resulting "average" rate of compensation for the attorneys and staff as a whole for this matter would have fallen considerably below $215 per hour.

60%, for a rough total of 125 hours. *See generally Barfield v. New York City Health and Hospital Corp.*, 537 F.3d 132 (2d Cir. 2008) (reducing attorney's fees by 50% where plaintiff failed to obtain collective action status). Taking all of these factors into account, and affording due consideration to the range of $5,000 - $40,000 in attorneys fees specified in the Settlement Agreement in this matter, a fee range which was the result of arms-length settlement negotiations between sophisticated, well-represented parties, I therefore find that plaintiff's counsel is entitled to attorney's fees in the amount of $26,800.

## CONCLUSION

Plaintiff's motion for attorney's fees (Dkt. #86) is granted, and plaintiff is hereby awarded the sum of $26,800 in attorneys fees. The award is to be made payable to plaintiff's counsel, Thomas & Solomon LLP.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 31, 2010.